

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00397-CR
_____

TYLER McDANIEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law Number One
Lubbock County, Texas
Trial Court No. 2012-470,096; Honorable Mark J. Hocker, Presiding

August 11, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Tyler McDaniel, appeals her conviction for the offense of driving while intoxicated and resulting sentence of 180 days confinement in county jail, suspended for a period of twelve months.[1] By a single issue, McDaniel maintains the trial court erred by allowing the State to introduce evidence of a blood draw without requiring that the

_____

[1] TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). An offense under this section is a Class B misdemeanor, with a minimum term of confinement of seventy-two hours.

person who drew the blood testify, thereby denying her of the opportunity to confront the witnesses against her. We affirm.

Appellant does not challenge the sufficiency of the evidence supporting her conviction; therefore, we will recite only so much of the evidence as is necessary to an understanding of the issue presented. On April 28, 2012, Appellant was arrested in Lubbock County for the offense of driving while intoxicated. Shortly after her arrest, she was asked to voluntarily provide a specimen of her breath or blood. At that time, she agreed to provide Officer Michael Garcia a blood specimen. Officer Garcia transported Appellant to University Medical Center where she signed a voluntary consent form and Brittany Wood, a registered nurse, performed a blood draw. Officer Garcia was present in the room when Nurse Wood drew blood from Appellant. After drawing the blood, Nurse Wood handed a sealed vial to Officer Garcia, who subsequently transported the vial to the Department of Public Safety lab for analysis.

At trial, the report of Jim Thomas, the State's forensic analyst, showed the blood sample to have a .246 blood alcohol content. Evidence pertaining to the blood draw procedure was provided by Officer Garcia. Nurse Wood was not called as a witness because, according to the State's explanation, she had moved to Houston and recently had a baby. Other witnesses did testify as to the standard procedures and policies of the University Medical Center regarding the performance of a blood draw for law enforcement purposes. Testimony was also offered that Nurse Wood was a registered

2

nurse employed by University Medical Center and that she was qualified to draw blood for law enforcement purposes.

### ANALYSIS

Although Appellant states her issue in the nature of a complaint that the trial court erred in admitting evidence (the blood draw results), her arguments are in the nature of a complaint that her right of cross-examination of witnesses under the Confrontation Clause of the United States Constitution had been violated.  *See* U.S. CONST. amend. VI.  Specifically, she contends evidence pertaining to the blood draw should not have been admitted because she was not afforded the opportunity to cross-examine Nurse Wood concerning the blood draw procedure.  The error in Appellant's argument is that it presumes (1) an actual testimonial statement was made by Nurse Wood and (2) that statement was used against her at trial.  We find there to be no testimonial statement subject to cross-examination.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions the accused shall enjoy the right to . . . be confronted with the witnesses against him."  U.S. CONST. amend. VI; *Pointer v. Texas,* 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).  To trigger the protections afforded by the Confrontation Clause, an out-of-court statement must be made by an absent witness and be testimonial in nature.  *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Nurse Wood's actions in drawing the blood sample, without more, were simply steps in the collection of evidence and the chain of custody.  That State could choose to

3

offer, or not offer, her testimony and any questions concerning those steps goes to the weight—not the admissibility—of that evidence. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1., 129 S.Ct. 2527, 174 L.Ed.2d 314 (2008) (noting that while it is the duty of the prosecution to establish a chain of custody, "this does not mean that everyone who laid hands on the evidence must be called [as a witness]"). "[I]t is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." *Id.*

While Appellant was free to (and did) attack the reliability of the blood draw evidence, in the absence of a testimonial statement of some kind, any attack concerning the blood draw process goes to the weight, and not the admissibility of that evidence. The mere act of gathering evidence, in this case blood, which is tested and subsequently used against a defendant, does not implicate a defendant's right of confrontation for Sixth Amendment purposes. *See Mitchell v. State*, 419 S.W.3d 655, 661-62 (Tex. App.—San Antonio 2013, pet. ref'd); *Adkins v. State*, 418 S.W.3d 856, 862 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Hennessey v. State*, No. 02-09-00310-CR, 2010 Tex. App. LEXIS 9582, at *4-5 (Tex. App.—Fort Worth Dec. 2, 2010, no pet.) (mem. op., not designated for publication); *Villasana v. State*, No. 05-07-00904-CR, 2008 Tex. App. LEXIS 5462, at *14-15 (Tex. App.—Dallas July 24. 2008, pet. ref'd) (mem. op., not designated for publication).

Despite Appellant's urging, we decline to extend *Crawford* and its progeny to a nurse who merely draws blood and does not provide any factual statement regarding

4

the blood draw process or accompanying analysis of the specimen drawn.  Appellant's issue is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.